IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BILLY G. ASEMANI. #339-096<br>Plaintiff | *<br>* |
| v. | CIVIL ACTION NO. RDB-08-3397<br>* |
| DEBORAH PULLER, Mental Health<br>Administrator,<br>KATHLEEN S. GREEN, Warden, ECI<br>J. MICHAEL STOUFFER, Commissioner,<br>Division of Corrections, and<br>GARY D. MAYNARD, Secretary, Department<br>of Public Safety and Correctional Services<br>Defendants | *<br>*<br>*<br>*<br>* |

## MEMORANDUM OPINION

Before the Court is a prisoner civil rights complaint filed *pro se* by Billy G. Asemani ("Asemani"), currently an inmate at the Western Correctional Institution. Defendants Kathleen Green, Warden, Eastern Correctional Institution ("ECI"), Commissioner Michael J. Stouffer, Secretary Gary Maynard, Health Administrator Sylvia Bratten, and Deborah Puller, Mental Health Administrator, through counsel, move for dismissal or, in the alternative, for summary judgment. Asemani has filed a reply. Defendants rely on materials beyond the scope of the Complaint; the motion shall be construed as one for summary judgment pursuant to Fed R. Civ. P. 56. No hearing is necessary. For the reasons set forth below, the Court will grant summary judgment in favor of Defendants.

### BACKGROUND

Asemani filed this Complaint while he was an inmate at the Eastern Correctional Institution.[1] He claims that during his confinement at ECI, Defendants demonstrated deliberate

---

[1] Plaintiff has since been transferred to Western Correctional Institution.

indifference to his serious mental health needs by failing to provide him with cognitive psychotherapy sessions.  As redress, Asemani requests injunctive and declaratory relief.

Asemani suffers from multiple psychiatric illnesses including intermittent explosive disorder, post-traumatic stress disorder, and major depressive disorder. Complaint, p. 4. Asemani acknowledges that a  ECI psychiatrist saw him every three months and prescribed psychotropic medications for him. Complaint, p. 5.  Asemani posits treatment was insufficient. "The proper method for combating those illnesses is to employ a combination of cognitive psychotherapy and medication.  That combined effort has worked in the past with respect to Asemani's particular psychiatric disorders, at his previous places of confinement." *Id*.  Asemani states that although he took the prescribed medicines daily, he had difficulty falling asleep, suffered nightmares, exhibited paranoia and irritability, felt depressed, and entertained suicidal thoughts.

Asemani asserts that Deborah Puller, ECI Mental Health Administrator, "simply disregarded" his "many written requests" for cognitive psychotherapy treatment.  Complaint, p. 6.  He fails to provide, however, any documentation of his communication with Puller. Asemani states that he attempted suicide on April 22, 2009, by repeatedly banging his head against a concrete floor as a "direct and proximate consequence of not having received psychotherapy for nearly one year." Reply, p. 3.

Defendants' verified exhibits show that Asemani was housed in a unit at ECI for inmates with special mental or chronic health needs.  Asemani did not file any ARP requests concerning lack of cognitive therapy or mental health concerns at ECI.   The three grievances that Asemani submitted to the ECI Inmate Grievance Office did not concern mental health issues.

**STANDARD OF REVIEW**

**"**[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility."  *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing

3

that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## DISCUSSION

### Administrative Remedy Procedure

Defendants plead the affirmative defense of failure to exhaust administrative remedies. The Prison Litigation Reform Act (PLRA), codified at 42 U.S.C. §1997e(a), provides that no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. §1983 or any other federal law until he has exhausted available administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 741, (2001); *Porter v. Nussle*, 534 U.S. 516, 524-25) (2002) (noting that the purpose of the PLRA is to give the facility the opportunity to resolve the alleged injury before court involvement). Failure to exhaust all levels of administrative review is not "proper exhaustion," and will bar actions filed by inmates under any federal law, including § 1983. *Woodford v. Ngo*, 548 U.S. 81 (2006). Asemani does not dispute that he failed to present his mental health concerns to corrections officials through the administrative remedy process. The case is dismissible on this basis.

### Supervisory Liability

Asemani does not allege that Defendants Warden Kathleen Green, Commissioner Michael J. Stouffer, Secretary Gary Maynard, or Health Administrator Sylvia Bratten personally participated in his mental health care. Instead, he attempts to hold them culpable in their capacity as supervisors. Claims of inadequate medical care under the Eighth Amendment against a non-medical prison official, however, requires the inmate to show that the official was personally involved with denial of treatment, deliberately interfered with a prison physician's treatment, or tacitly authorized or was indifferent to the medical provider's misconduct. *See*

4

*Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990); *see also Smith v. Barry*, 985 F.2d 180, 184 (4th Cir.1993) (affirming directed verdict for corrections officers not in position to "act meaningfully" with regard to inmate's medical needs). A supervisory officer may not be held liable merely under a theory of *respondeat superior* in a §1983 action. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978); *Shaw v. Stroud,* 13 F. 3d 791, 799 (4th Cir. 1994). Asemani does not allege any basis for personal or supervisory liability by Defendants. Accordingly, the claims against Warden Kathleen Green, Commissioner Michael J. Stouffer, Secretary Gary Maynard, and Health Administrator Sylvia Bratten will be dismissed.

## Denial of Adequate Care Claim

In order to state a claim under 42 U.S.C. §1983, a plaintiff must allege facts sufficient to establish deprivation of his rights guaranteed by the Constitution or laws of the United States, and that such deprivation was a result of conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 43, 48 (1988). To state a claim for denial of medical care or inadequate medical treatment under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate deliberate indifference to a serious need. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, objectively, prison staff were aware of the need for medical attention but failed either to provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Disagreements between an inmate and medical personnel over diagnosis or course of treatment are not cognizable constitutional claims under the Eighth Amendment. *See Estelle*, 429 U.S. at 105-06; *Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975).

Asemani fails to show that Deborah Puller acted with requisite deliberate indifference to his serious mental health needs.  Asemani was receiving regular psychiatric evaluations and care at ECI.  There is no evidence that Asemani is a mental health care professional qualified to self-diagnose his treatment requirements or analyze manifestations of his condition.  Asemani's disagreement with prison providers whether to add cognitive therapy to his treatment regimen does not amount to a claim of constitutional magnitude.

## CONCLUSION

For these reasons, the Court finds no genuine issue of material fact is presented.[2]  Defendants are entitled to summary judgment as a matter of law.  A separate Order follows.

September 17, 2009 /s/_____
Date                                             RICARD D. BENNETT
                                                 UNITED STATES DISTRICT JUDGE

---

[2] Asemani's eleventh-hour request to amend the Complaint (Paper No. 48) will be denied.